# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **LISA MYERS and BERNARD** | **:** | |
| **MYERS, husband and wife,** | **:** | **C.A. No: K14C-03-013 RBY** |
| | **:** | |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **LIBERTY MUTUAL FIRE** | **:** | |
| **INSURANCE COMPANY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

*Submitted: October 26, 2015*
*Decided: October 28, 2015*

***Upon Consideration of Plaintiff's***
***Motion for Reargument***
**GRANTED**

# ORDER

Keith E. Donovan, Esquire, Morris James, LLP, Dover, Delaware for Plaintiffs.

David L. Baumberger, Esquire, Law Offices of Chrissinger & Baumberger, Wilmington, Delaware for Defendant.

Young, J.

## <u>DECISION</u>

Plaintiff has moved the Court to reconsider its decision of October 5, 2015 precluding Plaintiff's use of photos of the accident scene.

Plaintiff has argued that that decision effectively bars Plaintiff from presenting properly the question of why Plaintiff crossed the road where she did, which should be the decision of the jury.

As indicated in the October 5 decision, Plaintiff may be permitted to describe her position as to why she did what she did, including why she perceived her course to be a safe one. Part of that explanation may include that, from her subjective perspective, she was entering a crosswalk. Defendant (and by "Defendant" is meant the driver of the named Defendant carrier) may, of course, describe how she had no idea that the incident area was a crosswalk. I am persuaded that the photographs may be used – by each side – to support her respective understanding. Hence, the photos will be admissible.

However, no one testifying may say that the photographed area is a "crosswalk." The Plaintiff and the driver may both say what they understood to have existed, referencing the photographs. That is the extent of it.

Absent highway department, or some other similar, expertise that the area photographed was – at the time of this incident – a crosswalk, that will remain exclusively a jury question. For example, I have noted references by Plaintiff's expert to "the crosswalk" on pages 1, 3 (four times), 4 (six times – four of which are photo captions), 5, 6 (two times) and 7 (five times). No such reference may be made. That would be a factual determination invading the province of the jury. No

2

such statements may be made, and any inadvertent such use will result in the determination of a mis-trial, if one is requested. The same presumption will apply to the police officer or anyone else. Witnesses may, referencing the photos, say, for instance: "20 feet from where the Plaintiff says that she believed a crosswalk existed," or something equally awkward.

Additionally, questions of whether or not Plaintiff was actually within an area which might be determined to have been a crosswalk, and Plaintiff's visibility to Defendant no matter where she was, and Plaintiff's appreciation of Defendant's head-lighted car, and so forth, all remain for jury consideration.

Finally, I have been unable to find statutory or case law defining exactly what a crosswalk is; or, more precisely, what present, visible markups create a crosswalk, which defines the obligation of a driver encountering it. In the event that such a determination can be made between now and trial, another reconsideration of this issue may take place.

To the extent above described, Plaintiff's Motion is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc:   Prothonotary
cc:   Counsel
       Opinion Distribution
       File